IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Penny Sambrano, | ) | Civil Action No. 2:18-cv-00216-RMG |
|---|---|---|
| Plaintiff, | ) | **ORDER AND OPINION** |
| v. | ) | |
| Palmetto Heights Management, LLC, d/b/a Airport Inn; Archdale Development, LLC; and Kamlesh Shah, individually, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 52.) recommending that the Court grant in part, deny in part Defendants' Motion for Summary Judgment. (Dkt. No. 36.) For the reasons set forth below, the Court adopts the R & R and grants in part, denies in part Defendants' Motion for Summary Judgment.

**I.   Background**

Plaintiff, Penny Sambrano, brought the current action against Defendants Palmetto Heights Management, LLC d/b/a Airport Inn, Archdale Development, LLC, and Kamlesh Shah, as an individual, alleging claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff was employed as a sales representative clerk at the Clarion Inn & Suites ("Clarion") in North Charleston. (Dkt. No. 36-2 at 50:18–19.) The Clarion is owned and operated by Archdale Development, LLC ("Archdale"), a South Carolina limited liability company owned by Defendant Kamlesh Shah ("Shah"). Shah is the sole owner and member of Defendant Palmetto Heights, LLC ("Palmetto Heights"), which owns and operates a neighboring hotel called the Airport Inn.

-1-

While employed at the Clarion, Plaintiff alleges she was subjected to ongoing sexual harassment. (Dkt. No. 1-1 at 6.) In her deposition, Plaintiff testified that Shah pressured her to wear short skirts and low-cut shirts to expose her breasts. (Dkt. No. 36-2 at 80:14–15, 81:2–4, 82:19–83:2.) She testified Shah made frequent comments regarding her breasts. (Dkt. No. 36-2 at 87:23–88:7.) She testified that Shah made a comment to her about "wet pussy" and "getting head" (Dkt. No. 36-2 at 102:25–103:8) and told Plaintiff that his two favorite things in life are "money and good pussy". (Dkt. No. 36-2 at 89:13–19.) Shah also commented that he liked "big asses" and once grabbed his genitals in front of Plaintiff and stated "it's large." (Dkt. No. 36-2 94:1–9, 109:11–22, 110:17–20.) Plaintiff testified that Shah once commented that a woman is nothing without a man behind her. (Dkt. No. 36-2 at 89:13–19, 91:21–92:2.) Plaintiff found Shah's conduct to be unwelcome and offensive and came to expect his "unethical" behavior on a daily basis. (Dkt. No. 36-2 at 84:4–6, 22–85:2, 111:2–16.) Plaintiff did not formally report Shah's conduct because she feared Shah would fire her. (Dkt. No. 36-2 at 87: 12–13.) Plaintiff also testifies the Regional Manager, Tom Slawson ("Mr. Slawson"), was generally aware of Shah's inappropriate conduct. (Dkt. No. 36-2 at 119:25–120: 10, 145:23–146:4, 146:21–147:8.)

Plaintiff was terminated from the Clarion in April 2014. After she was terminated, she met with Tiffany Slawson ("Ms. Slawson") and now other former Clarion/Airport Inn employees to discuss their personal experiences with Shah's sexual harassment and avenues for recourse for his behavior. (Dkt. No. 36-2 at 113: 3–5, 115 1–23, 117: 1–19, 147:19–24.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") around July 2, 2014 alleging sex discrimination. (Dkt. No. 40-4.) The EEOC determined there was reasonable cause to conclude

that Plaintiff was discriminated against because of sex (female/sexual harassment), in violation of Title VII. (Dkt. No. 40-8.)

Plaintiff filed a lawsuit on December 27, 2017 (Dkt. No. 1-1) and Defendants removed the case to the United States District Court for the District of South Carolina on January 25, 2018.[1] (Dkt. No. 1) Defendants filed a motion for summary judgment seeking to dismiss all of Plaintiff's claims. (Dkt. No. 36.) Plaintiff filed a motion in opposition on April 24, 2019 (Dkt. No. 40) and Defendants filed their reply on May 13, 2019. (Dkt. No. 45.) The Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's retaliation claim and claims against the individual Defendant, Mr. Shah, but allow Plaintiff's sexual harassment claim to go forward. (Dkt. No. 52.) Defendants filed timely objections to the R & R on October 15, 2019. (Dkt. No. 53.)

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the

---

[1] In addition to the instant action, two former employees of Mr. Shah have filed companion cases alleging similar claims of sexual harassment and retaliation against the same Defendants named in Plaintiff's Complaint. *See Slawson v. Palmetto Heights Management, LLC, et al*, No. 2:18-CV-00217-RMG-MGB and *Barnett v. Palmetto Heights Management, LLC, et al*, No. 2:18-CV-00204-RMG-MGB. The instant action was consolidated with these companion cases for discovery purposes only. (Dkt. No. 40 at 1 n.1.)

movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id. quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## B.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005) (internal quotation omitted). Defendants timely filed objections and the R & R is reviewed de novo.

## III. Discussion

With regard to Plaintiff's retaliation claim, the Magistrate Judge ably addressed this issue. Plaintiff failed to allege a claim of retaliation in her initial charge of discrimination with the EEOC. (Dkt. No. 52 at 6.) In general, the scope of a lawsuit under Title VII is "defined by the scope of the administrative charge from which it arises and from any findings that arise out of the investigation of the charge." *EEOC v. General Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976). Plaintiff concedes that she failed to exhaust administrative remedies as to her retaliation claim as she did not "check the box" and articulate facts to support a claim of retaliation in her EEOC charge. (Dkt. No. 40 at 6.) The Court agrees with the R & R of the Magistrate Judge that Plaintiff's retaliation claim should be dismissed.

With regard to Plaintiff's claims against Mr. Shah, as an individual, the Magistrate Judge correctly concluded these claims are subject to dismissal. Title VII does not provide causes of actions against defendants in their individual capacities. Title VII reads as follows: "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). The statute defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id.* § 2000e(b). The Fourth Circuit has analyzed the definition of "employer" and rejected the notion of individual liability under Title VII. *Lissau v. Southern Food Serv., Inc.* 159 F.3d 177, 180 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities under Title VII violations). As such, the Court agrees with the R & R of the Magistrate Judge that Plaintiff's claim against Defendant Shah, as an individual, should be dismissed.

Upon a review of Plaintiff's claim for sexual harassment and the parties' arguments in support, the Court finds the Magistrate Judge comprehensively addressed this issue. Title VII makes it unlawful for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e–2(a)(1). Sexual harassment is a type of sex discrimination prohibited under Title VII. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). A Plaintiff may establish a hostile work environment based on sexual harassment if the Plaintiff can show the offending conduct was: (1) unwelcome; (2) based on the plaintiff's sex; (3) sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment, and (4) that there is some basis for imposing liability on the employer. *Ocheltree v. Scollon Prods. Inc.*, 335 F.3d 325, 331 (4th Cir. 2003).

In their motion for summary judgment, Defendants argue that Plaintiff fails to allege conduct sufficient to satisfy element three. To establish element three, Plaintiff must show that she subjectively perceived the environment to be abusive, and that the conduct was such that an "objective reasonable person would perceive [the plaintiff's] work environment to be hostile or abusive." *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009). "[W]hen determining whether the harassing conduct was objectively severe or pervasive, [the Court] must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *EEOC. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (internal quotation marks omitted). Plaintiffs must "clear a high bar in order to satisfy the [objective] severe or pervasive test." *Sunbelt*, 521 F.3d at 315. "[I]ncidents that would objectively give rise to bruised or wounded feelings will not on that

account satisfy the severe or pervasive standard." *Id.* "[R]ude treatment by [coworkers], callous behavior by [one's] superiors, or a routine difference of opinion and personality conflict with [one's] supervisor, are not actionable under Title VII." *Id.* at 315–16 (internal quotation marks and citations omitted). Ultimately, whether the harassment was sufficiently severe or pervasive to create a hostile work environment is a question of fact for the jury. *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 199–200 (4th Cir. 2000).

Viewing the record in a light most favorable to Plaintiff, the Court finds that a reasonable jury could conclude that Plaintiff was exposed to an objectively hostile work environment while employed at Clarion. *Sunbelt*, 521 F.3d at 315. Defendants maintain that Plaintiff's deposition does not support her claim that Shah repeatedly made sexual remarks to her. (Dkt. No. 53 at 4.) Defendants argue that Plaintiff's own testimony reveals that Plaintiff has not cleared the high bar to satisfy the severe and pervasive element of her claim. (Dkt. No. 53 at 8–11.) Plaintiff testified Shah frequently made unwelcome comments about her breasts to the point it seemed her breasts were the topic of every conversation. (Dkt. No. 36-2 at 82:19–83:10, 84: 4–11, 87:23–88:7.) In addition, Plaintiff testified Shah pressured her to wear short skirts and low-cut shirts that would reveal her breasts. (Dkt. No. 36-2 at 80:14–15, 81:1–4, 82:19–83:10.) Plaintiff testified Shah subjected her to sexually-explicit comments and gestures and other statements that demean women. (Dkt. No. 36-2 at 89:15–19, 91:23–25, 94:1–22, 103:2–8, 109:11–19, 110:17–20.) Plaintiff contends that Shah engaged in this "unethical" conduct so often she expected it on a daily basis. (Dkt. No. 36-2 at 111: 14–16.) In addition, Plaintiff testifies she did not formally report the behavior for fear of losing her job as Shah was the owner of Clarion and had the power to terminate her. (Dkt. No. 36-2 at 84:22–85:2, 87: 7–12, 88:4–11, 120:11–121:12.) Plaintiff's testimony reveals that Shah frequently directed offensive sexual comments toward Plaintiff, his employee.

*Wheeler v. Virginia*, No. 7:17-CV-00337, 2019 WL 758611, at * 5 (W.D. Va. Feb.20, 2019) ("The Court has explained that the 'status of a harasser may be a significant factor' in measuring the severity of harassing conduct, since harassment perpetrated by a manager or supervisor against a subordinate employee has a 'particularly threatening character.'") Viewed in a light most favorable to Plaintiff, this testimony establishes facts from which a reasonable trier of fact could conclude that the environment was pervaded with discriminatory conduct aimed to intimidate, ridicule, or insult, thereby creating an abusive atmosphere. *Ocheltree*, 335 F.3d at 331 (stating that a plaintiff may prove sex-based discrimination when she is not subjected to physical touching or sexual propositions.) The Court agrees with the R & R and denies Defendants' motion for summary judgment as to Plaintiff's sexual harassment claim.[2]

In summary, Defendants' motion for summary judgment is granted as to Plaintiff's retaliation claim and claims against Defendant Shah, as an individual. Defendants' motion for summary judgment is denied as to Plaintiff's sexual harassment claim.

---

[2] Defendants object to the R & R, arguing the Magistrate Judge improperly relied upon the fact other women have complained about their work environment with Shah as evidence that the Plaintiff's work environment was abusive. (Dkt. No. 53 at 12.) (Dkt. No. 52 at 10–11.) Plaintiff and Ms. Slawson allege similar instances of purported sexual harassment by Shah. Plaintiff testified Shah commented "the only two good things in life are money and good pussy" in front of Plaintiff and Ms. Slawson. (Dkt. No. 36-2 at 89:16– 90: 25.) Plaintiff testifies she spoke to Ms. Slawson about other comments Shah made in the presence of both women. (Dkt. No. 36-2 at 113: 6–13.) The Magistrate Judge specifically notes that "although in no way dispositive, the shared experiences and frustrations among the female employees suggests there is a question of fact as to whether an objective, reasonable individual in Plaintiff's position could have found the work environment abusive." (Dkt. No. 52 at 10.) *Williamson v. Carolina Power & Light Co.*, 754 F. Supp. 2d 787, 792 (E.D.N.C. 2010). The Magistrate Judge noted that at this juncture, "the Court's task is to examine whether the record contains proof from which a reasonable trier of fact could conclude that the environment was pervaded with discriminatory conduct aimed to humiliate, ridicule, or intimidate, thereby creating an abusive atmosphere." *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 209 (4th Cir. 2014). This Court agrees with the Magistrate Judge.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R. (Dkt. No. 52.) Defendant's motion for summary judgment (Dkt. No. 36) is **GRANTED IN PART, DENIED IN PART**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 22, 2019
Charleston, South Carolina